# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **OZVALDO HERNANDEZ,** | § | |
| **BOP No. 99180-280,** | § | |
| | § | |
| **Movant,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. SA-14-CA-644-DAE (PMA)** |
| | § | **[SA-12-CR-449(2)-DAE]** |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Respondent.** | § | |

## O R D E R

On this date came on to be considered the motion of movant to vacate, set aside, or correct his sentence pursuant to Title 28 U.S.C. Section 2255  (ECF no. 215) and movant's memorandum of law in support (ECF no. 216), both filed July 14, 2014.  The Court having reviewed the motion and memorandum is of the opinion that movant's assertions of ineffective assistance by his trial counsel and allegations that his plea agreement was breached by the government are refuted by the record and warrant neither relief under Section 2255 nor a Certificate of Appealability from this Court.  Because movant's claims are refuted by the record, movant is not entitled to an evidentiary hearing before this Court.

### I. Background

Pursuant to a written plea agreement (ECF no. 160),[1] movant entered a guilty plea on April 23, 2013 before the Magistrate Judge to Count One of a superseding information charging movant with conspiracy to possess with intent to distribute 100 or more kilograms of a mixture or substance

---

[1] Movant's plea agreement was filed under seal in this cause.  However, movant attached a copy of same to his motion to vacate his sentence.  Movant's 9-page, written plea agreement executed by movant and his trial counsel on April 1, 2013, appears herein as ECF no. 215-1.

containing a detectable amount of marihuana.[2]  The Magistrate Judge issued a Memorandum and Recommendation finding, in pertinent part, that movant was competent to stand trial, movant consented to plead guilty before the Magistrate Judge, movant fully understood the nature of the charge and penalties, movant understood his constitutional and statutory rights and desired to waive them, movant's guilty plea was freely, knowingly, and voluntarily made, and there was a factual basis for the movant's guilty plea.  ECF no. 168.  Movant filed no objections to the Magistrate Judge's findings in her Memorandum and Recommendation.  In an Order issued April 24, 2014 (ECF no. 171), this Court accepted the Magistrate Judge's Memorandum and Recommendation and accepted movant's guilty plea, once more advising movant of his right to file objections to the Magistrate Judge's factual findings and conclusions.  Movant thereafter filed no objections to the Magistrate Judge's factual findings.

On July 22, 2013, movant came before this Court for sentencing.  At movant's sentencing hearing, (1) the Court entertained and overruled movant's objections to the portion of movant's PSIR calculating the quantity of marijuana involved in movant's conspiracy offense, (2) the Court concluded (consistent with movant's PSIR) that movant was a significant player in the marijuana importation conspiracy in question, (3) movant withdrew several other objections movant had previously filed to movant's PSIR, and (4) the Court imposed a sentence of 110-months incarceration to be followed by a four-year term of supervised release and directed movant to pay

---

[2] Movant also executed a waiver of indictment that same date.  ECF no. 170.

a one hundred dollar special assessment.[3]  Consistent with the waivers contained in his written plea agreement, movant did not appeal from his conviction or sentence.

On July 14, 2014, movant filed a pro se motion to vacate, set aside, or correct his sentence pursuant to Title 28 U.S.C. Section 2255 and a memorandum of law in support of same (ECF nos. 215 & 216).  As grounds for relief, movant's motion to vacate and brief in support include arguments that  (1) his plea agreement was breached when his PSIR converted the 654 Pounds of marijuana included in the factual basis for movant's guilty plea into 654 Kilograms of marijuana, thereby increasing movant's sentence substantially, (2) his trial counsel rendered ineffective assistance at sentencing by (a) failing to object to the erroneous conversion of 654 Pounds of marijhuana into 654 Kilograms of marihuana in movant's PSIR, (b) withdrawing movant's objections to multiple alleged errors in movant's PSIR (including suggestions movant played a leadership or managerial role in the offense and the drug quantity relevant to movant's offense was 654 Kilograms of marijuana), (c) failing to preserve objections to the breach of movant's plea agreement (specifically the quantity of marijuana involved in movant's offense indicated in movant's plea agreement which differed from the quantity set forth in movant's PSIR), (d) failing to object to the absence of a factual basis for the conspiracy charge against movant, and (e) failing to move to withdraw movant's guilty plea once the government breached movant's plea agreement, (3) the trial court sentenced movant without inquiring whether movant personally agreed to the withdrawal of movant's objections to alleged errors in movant's PSIR, (4) the trial court made erroneous references at sentencing to drug cartels, drug trafficking along the border, and the Zeta's which were without factual foundation in the

---

[3] The transcript from movant's July 22, 2013 sentencing hearing appears herein as ECF no. 214.

evidence before the Court, (5) the trial court failed to inform movant of his right to appeal his conviction and sentence, (6) movant's guilty plea was fraudulently induced by the Government's misrepresentation that movant's offense involved a quantity of 654 Pounds of marijuana when the Government's PSIR indicated the drug quantity as 654 Kilograms of marijuana, the latter figure being without factual support in the record, in violation of the rules announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151 (2013), (7) his trial court erred in accepting movant's guilty plea without first ascertaining (a) whether movant understood the nature of the charge against movant (including the drug quantity) and (b) the existence of a factual basis for an agreement between movant and another person, i.e., an essential element of movant's conspiracy charge, and (8) movant's guilty plea was fraudulently induced by promises from the prosecution that movant's offense level would be calculated based upon 654 pounds of marijuana, i.e., a quantity within the range of 100 to 400 kilograms.

On October 24, 2014, the government filed its response to movant's motion to vacate, pointing out (1) movant's plea agreement on its face includes movant's admission that he conspired to possess with intent to distribute more than 100 kilograms of marijuana, (2) movant understood the mandatory minimum and maximum possible sentence he could receive as a result of his guilty plea, (3) movant's plea agreement expressly informed movant the sentencing court was not bound by any representations made by any party regarding the scope of movant's offense or any estimate of movant's sentencing range movant may have received from any person, (4) the factual basis for the conspiracy charge against movant appeared within movant's plea agreement itself, (5) movant's guilty plea was voluntarily, intelligently, and knowingly entered and waived all non-jurisdictional claims asserted by movant, (6) movant's complaints about the performance of his trial counsel at

4

sentencing did not establish a violation of movant's right to effective assistance of counsel at the time movant's entered his guilty plea months before movant's sentencing, (7) movant's plea agreement was not breached by the calculation of drug quantity contained in movant's PSIR as nowhere in movant's plea agreement was the specific quantity of marijuana involved in movant's offense identified or limited for sentencing purposes, and (8) the affidavit of movant's trial counsel attached to the government's response refuted movant's assertions of ineffective assistance.  ECF no. 218.

## II. Standard of Review

Section 2255 provides relief for a convicted federal criminal defendant who can establish that either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack. *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996); *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995); *United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992), *cert. denied*, 504 U.S. 962 (1992); 28 U.S.C. § 2255.

Not all complaints about a sentence may be brought initially through a Section 2255 motion. Section 2255 relief is reserved for errors of constitutional dimension and other injuries that could not have been raised on direct appeal and, if left unaddressed, would result in a complete miscarriage of justice.  *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Payne*, 99 F.3d 1273, 1281 (5th Cir. 1996); *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). Section 2255 does not reach errors not of a constitutional or jurisdictional magnitude that could have been reached by a direct appeal.  *United States v. Rocha*, 109 F.3d 225, 229 (5th Cir. 1997); *Payne*,

99 F.3d at 1281; *Seyfert*, 67 F.3d at 546.  "Nonconstitutional claims that could have been raised in a direct appeal, but were not, may not be asserted in a collateral proceeding." *Payne*, 99 F.3d at 1281.

A defendant may not raise an issue, regardless of whether constitutional or jurisdictional in nature for the first time on collateral review without showing both "cause" and "actual prejudice" resulting from the error.  *United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000); *Cervantes*, 132 F.3d at 1109; *Gaudet*, 81 F.3d at 589.

### III. Alleged Breach of Movant's Plea Agreement

An alleged breach of a plea agreement may be raised on direct appeal despite an express waiver of appellate rights.  *United States v. Purser*, 747 F.3d 284, 289 (5th Cir.), *cert. denied*, ___ U.S. ___, 135 S. Ct. 403 (2014); *United States v. Long*, 722 F.3d 257, 260 n.2 (5th Cir. 2013), *cert. denied*, ___ U.S. ___, 134 S. Ct. 1514 (2014); *United States v. Pizzolato*, 655 F.3d 403,  409 (5th Cir. 2011), *cert. denied*, ___ U.S. ___, 132 S. Ct. 1126 (2012).

Insofar as movant argues his plea agreement was breached when the Probation Officer prepared a pre-sentence investigative report ("PSIR") for movant which calculated the drug quantity involved in movant's conspiracy offense at a level in excess of six hundred kilograms, movant misconstrues the provisions of his plea agreement.  Contrary to movant's conclusory assertions in his motion to vacate his sentence, nowhere in movant's plea agreement is there any stipulation as to the precise, total, quantity of marijuana relevant to movant's conspiracy offense for purposes of the federal Sentencing Guidelines.  On the contrary, movant's plea agreement includes movant's admission he conspired to possess with intent to distribute 100 or more kilograms of marijuana.  The factual bases for movant's guilty plea, also contained in movant's plea agreement, specifically identified more than six hundred fifty pounds of marijuana involved in three different transactions

in which the movant and his co-conspirators participated.  Nowhere in movant's plea agreement is there any provision suggesting the final tally of marijuana relevant to movant's conspiracy offense would be limited to that quantity, however.  On the contrary, movant's plea agreement specifically concludes as follows: "The parties reserve the right to: (a) bring their version of the facts of this case to the attention of the probation office in connection with that office's preparation of a presentence report; (b) dispute sentencing factors or facts material to sentencing in the presentence report; and (c) seek resolution of such factors in conference with opposing counsel and the United States Probation Office."  To determine whether a plea agreement was breached a federal court must "consider whether the government's conduct is consistent with the defendant's reasonable understanding of the agreement."  *United States v. Hinojosa*, 749 F.3d 407, 413 (5th Cir. 2014); *United States v. Barnes*, 730 F.3d 456, 457 (5th Cir. 2013).

Insofar as movant argues it was his subjective understand that he would be sentenced based upon only the six hundred fifty pounds of marijuana specifically mentioned in the factual basis for his conspiracy offense, movant's argument is premised upon a wholly unreasonable construction of his written plea agreement, which expressly authorizes all parties to make known facts relevant to movant's sentencing calculation.  In a drug conspiracy case, the primary issue at sentencing is often the calculation of the drug quantity relevant to a defendant's offense.  The plain language of movant's plea agreement expressly authorized the government to make known to the Probation Officer who prepared movant's PSIR any information relevant to movant's sentencing calculation.

Moreover, the Fifth Circuit has expressly rejected the exact same legal argument urged by movant in support of his contention that his plea agreement was breached when the government urged inclusion of additional marijuana quantities as part of movant's relevant conduct at sentencing:

The language of the plea agreement contains neither a reference to drug quantity nor a promise not to advocate for the inclusion of relevant conduct.  Nonetheless, Hinojosa argues that a breach occurred because he agreed to plead guilty to possession of 211 kilograms of marijuana, and no more.  No legal authority pointed out to us supports his position that the plea agreement, which contained no promise to refrain from advocating for relevant conduct at sentencing, nonetheless must be interpreted that way.  We cannot conclude that Hinojosa's "reasonable understanding of the agreement" would include a term prohibiting the government for advocating for the inclusion of relevant conduct under the Guidelines.  Hinojosa has failed to carry his burden of showing there was error in not holding the government to account for this alleged breach of the plea agreement by urging consideration of the higher drug quantities as relevant conduct.

*Hinojosa*, 749 F.3d at 413.

In conclusion, movant's argument that his plea agreement was breached is refuted by the record now before this Court, including the plain language of movant's plea agreement.  Movant's complaint that his plea agreement was breached does not warrant relief under Section 2255.

The government correctly points out movant waived in his Plea Agreement his right to challenge his sentence on appeal.  Waivers of the right to appeal are enforceable if voluntary and intelligently made.  *See United States v. Higgins*, 739 F.3d 733, 736-37 (5th Cir. 2014) ("We will, however, enforce a waiver on appeal regardless of whether the district court addressed it directly where the record indicates the defendant has read and understood his plea agreement and has raised no questions about the waiver."), *cert. denied*, ___ U.S. ___, 134 S. Ct. 2319 (2014); *United States v. Walters*, 732 F.3d 489, 490-91 (5th Cir. 2013) (holding waivers of appeal in sentencing agreements just as  enforceable as waivers contained in plea agreements, i.e., when voluntary and informed and if applicable to the circumstances at hand), *cert. denied*, ___ U.S. ___, 134 S. Ct. 1349, 188 L. Ed. 2d 352 (2014); *United States v. McKinney,* 406 F.3d 744, 746 (5th Cir.2005) ("Because McKinney indicated that he had read and understood the plea agreement, which includes an explicit,

unambiguous waiver of appeal, the waiver was both knowing and voluntary."); *United States v. Bond,* 414 F.3d 542, 544 (5th Cir. 2005) ("Because [the defendant] indicated that he read and understood the agreement, which includes an explicit, unambiguous waiver of appeal, the waiver was both knowing and voluntary."); *United States v. Portillo,* 18 F.3d 290, 293 (5th Cir. 1994) ("We hold, therefore, that when the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and that he raised no question regarding a waiver-of-appeal provision, the defendant will be held to the bargain to which he agreed, regardless of whether the court specifically admonished him concerning the waiver of appeal."), *cert. denied*, 513 U.S. 893 (1994). Movant does not allege any facts showing his waiver of his right to appeal and to pursue relief under Section 2255 (except for complaints of ineffective assistance or prosecutorial misconduct) in his Plea Agreement was involuntary or uninformed.

### IV. Involuntary Guilty Plea Claim

A guilty plea will be upheld on collateral review if entered into voluntarily, intelligently, and knowingly. *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000); *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000), *cert. denied*, 532 U.S. 1067 (2001). While the terms "voluntary" and "knowing are frequently used interchangeably, they embody different concepts, i.e., a plea of guilty is not voluntary if induced by threats, misrepresentations, unfulfilled promises, or promises of an improper nature; whereas a guilty plea is "knowing" if the defendant understood the consequences of his plea, i.e., the defendant understood the maximum possible punishment he faced if convicted. *Hernandez*, 234 F.3d at 254 n.3. The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *United States v.*

*Juarez*, 672 F.3d 381, 385-86 (5th Cir. 2012); *United States v. Washington*, 480 F.3d 309, 315 (5th Cir. 2007).

"Ordinarily a defendant will not be heard to refute his testimony given under oath when pleading guilty." *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985).  If, however, the defendant offers specific factual allegations *supported by the affidavit of a reliable third person*, then he is entitled to a hearing on his allegations.  *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013); *Cervantes*, 132 F.3d at 1110.  "Solemn declarations in open court carry a strong presumption of verity."  *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *Long*, 722 F.3d at 264; *United States v. Gray*, 717 F.3d 450, 451 (5th Cir. 2013).

The representations made by the defendant, his lawyer, and the prosecutor at a plea hearing, as well as the findings made by the trial judge accepting the plea, constitute a formidable barrier to any subsequent collateral attack.  *Blackledge*, 431 U.S. at 73-74; *Montoya*, 226 F.3d at 406.  Documents signed by the defendant at the time of the guilty plea are entitled to "great evidentiary weight."  *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994), *cert. denied*, 513 U.S. 1064 (1994); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985), *cert. denied*, 474 U.S. 838 (1985).  The defendant's signature on guilty plea documents is prima facie proof of the validity of the plea. *Theriot v. Whitley*, 18 F.3d 311, 314 (5th Cir. 1994).

As explained above, the proper inquiry in determining whether a plea bargain has been breached is whether the prosecution's conduct comports with the defendant's reasonable understanding of the plea agreement. *Hinojosa*, 749 F.3d at 413; *United States v. Sharma*, 703 F.3d 318, 326-27 (5th Cir. 2012), *cert. denied*, ___ U.S. ___, 134 S. Ct. 78 (2013).  Petitioner presents

10

this Court with no factual allegations from any third party sufficient to raise an issue as to the voluntariness of his guilty plea.  In fact, movant's sworn representations made to the Court at his re-arraignment and guilty plea hearing, summarized by the Magistrate Judge in her factual findings and conclusions of law in her Memorandum and recommendation, belie movant's current claims that he did not understand the nature of the charge against him or the consequences of his entry of a guilty plea.  As explained above, nothing in movant's plea agreement can reasonably be construed as promising movant he would be sentenced based solely upon the six hundred fifty pounds of marijuana mentioned in the factual bases for his guilty plea.

A guilty plea, voluntarily entered, waives all non-jurisdictional errors by the trial court that preceded petitioner's guilty plea.  *United States v. Scruggs*, 714 F.3d 258, 261-62 (5th Cir.), *cert. denied*, ___ U.S. ___, 134 S. Ct. 336 (2013); *United States v. Daughenbaugh*, 549 F.3d 1010, 1012 (5th Cir. 2008); *United States v. Sealed Appellant*, 526 F.3d 241, 242 (5th Cir. 2008), *cert. denied*, 555 U.S. 1009 (2008).

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

A federal court will uphold a guilty plea challenged in a habeas corpus proceeding if the plea was knowing, voluntary, and intelligent.  *Hernandez*, 234 F.3d at 254; *Montoya*, 226 F.3d at 405.

"For a guilty plea to be voluntary, it must "not be the product of 'actual or threatened physical

harm, or ... mental coercion overbearing the will of the defendant' or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel." *United States v. Urias-Marrufo*, 744 F.3d 361, 366 (5th Cir. 2014). As explained above, Movant has alleged no specific facts showing his guilty plea on April 23, 2013 was in any manner involuntary. Instead, Movant argues that, months after Movant entered his guilty plea, he and his trial counsel were "threatened" by the government with arguments and evidence dramatically increasing the quantity of marijuana relevant to Movant's offense unless Movant withdrew certain of his objections to Movant's PSIR. As a matter of logic and law, no such "threats" allegedly directed against Movant or his trial counsel in July, 2013 could possibly have rendered Movant's April 23, 2013 guilty plea "involuntary." The issue of the voluntariness of Movant's plea must be resolved based upon the facts which existed at the time Movant entered his plea, not events which transpired months later.

Movant does not allege any facts showing that he was actually misled *at the time he entered his guilty plea* regarding the range of his possible sentence, the nature of the charge to which he was pleading guilty, or the constitutional rights he was waiving by entering his guilty plea. For a guilty plea to be "intelligently" and "knowingly" entered, the defendant must understand both: (1) the true nature of the charge against him, *see Urias-Marrufo*, 744 F.3d at 366 (the defendant must have notice of the charge against him); *United States v. Briggs*, 939 F.2d 222, 227 (5th Cir. 1991) (valid guilty plea must contain an intelligent admission of the commission of the offense based on receipt of real notice of the true nature of the charge); and (2) "the consequences" of a guilty plea, i.e., the full range of punishment to which the defendant will be subject if convicted (including any mandatory minimum sentence) and the nature and the nature of the constitutional protections he is

waiving by entry of his guilty plea, *see Urias-Marrufo*, 744 F.3d at 366 (defendant must understand the consequences of the plea and the nature of the constitutional protections he is waiving); *United States v. Carreon-Ibarra*, 673 F.3d 358, 364 (5th Cir. 2012) (district court obligated under Rule 11, Federal Rule Criminal Procedure, to accurately advise defendant of the proper minimum sentence resulting from a guilty plea); *Hernandez*, 234 F.3d at 255 (to be knowing and intelligent, the defendant's guilty plea must be based upon a full understanding of what the plea connotes and of its consequences). Movant's plea agreement accurately identified the charge to which Movant was pleading guilty and accurately informed Movant of the mandatory minimum and maximum potential sentence Movant could receive if convicted. Movant's written plea agreement provides in pertinent part as follows: "Defendant stipulates that no person has specifically promised what sentence he will receive."

Movant has never filed any objections to the Magistrate Judge's factual findings that, on April 23, 2013, Movant was fully informed of the nature of the charge, the relevant sentencing range for the offense in question, and the nature of the constitutional protections petitioner was waiving if Movant persisted with his guilty plea. Thus, Movant has alleged no specific facts showing his guilty plea was anything but intelligent and knowing in nature. Likewise, Movant has not alleged any specific facts showing his guilty plea was the product of any misrepresentation by the prosecution or this Court or any misunderstanding engendered by Movant's trial counsel. Nor has Movant furnished this Court with any fact-specific allegations, much less any evidence, from a third party, suggesting Movant's representations made in open court on April 23, 2013 were anything other than voluntary and fully informed. Movant's failure to challenge the Magistrate Judge's factual findings regarding the circumstances under which Movant entered his guilty plea, together

with the plain language of Movant's plea agreement, refute Movant's contention that his guilty was fraudulently induced by promises Movant's sentence would be calculated based upon not more than six hundred and fifty pounds of marijuana.

    As correctly pointed out by the government, Movant's references to the Supreme Court's holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151 (2013), furnish no basis for relief in this case under Section 2255.  In *Apprendi v. New Jersey*, the Supreme Court struck down on due process  grounds a state scheme that permitted a trial judge to make a factual finding based on a preponderance of the evidence regarding the defendant's motive or intent underlying a criminal offense and, based on such a finding, increase the maximum end of the applicable sentencing range for the offense by a factor of one hundred percent. *Apprendi*, 530 U.S. at 497. The Supreme Court's opinion in *Apprendi* emphasized it was merely extending to the state courts the same principles discussed in Justice Stevens' and Justice Scalia's concurring opinions in *Jones v. United States*, 526 U.S. 227, 252-53 (1999): other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.  *Apprendi*, 530 U.S. at 490. Put more simply, the Supreme Court held in *Apprendi* (1) it was unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal is exposed and (2) all such findings must be established beyond a reasonable doubt.  *Apprendi*, 530 U.S. at 490. The holding in *Apprendi* has no application to Movant's sentencing.  Movant was sentenced to serve a 110-month term of incarceration, well within the five-to-forty year range of sentence established by applicable federal statute.  This Court made no factual findings at Movant's sentencing which took Movant's sentence outside the

14

applicable statutory range for Movant's offense. *See United States v. Greenough*, 669 F.3d 567, 572 (5th Cir. 2012) (so long as the ultimate sentence remains within the statutory range, the rule announced in *Apprendi* is not violated), *cert. denied*, ___ U.S. ___, 133 S. Ct. 255 (2012); *United States v. Jackson*, 596 F.3d 236, 244 (5th Cir. 2010) (no *Apprendi* error occurs where a district court determines the quantity of drugs under the preponderance of the evidence standard and sentences the defendant to a term of imprisonment within the statutory range), *cert. denied*, 559 U.S. 1082 (2010).

Likewise, as the Fifth Circuit has explained, Movant's reliance upon the Supreme Court's holding in *Alleyne* is equally misplaced:

> The Supreme Court in *Alleyne* equated the reasons for requiring jury fact-finding when a mandatory statutory minimum sentence was increased to situations when a statutory maximum sentence was increased. *See* 133 S.Ct. at 2155. The Court did not suggest that the setting of Sentencing Guidelines ranges in a PSR, which structure but do not control district judge discretion, were subject to the same requirement. The statutory minimum of the offense of conviction will apply once guilt is determined on the elements charged in the count of conviction. On occasions when the PSR or district court mistakenly applies a higher statutory minimum sentence, resentencing often occurs as a matter of course because the government concedes the error. *See e.g., United States v. Ortiz,* 613 F.3d 550, 559 (5th Cir.2010). Quite differently, Guideline ranges based on relevant conduct and other factors will often extend far above a statutory minimum. As a matter of simple logic, those ranges may even exceed a higher statutory minimum applicable to a related offense. When that is the case, nothing in *Alleyne, Apprendi, Booker* or other authority provides that the discretionary range of the Guidelines triggers a statutory minimum higher than the one applicable to the count of conviction or the requirement of jury fact-finding.

*Hinojosa*, 749 F.3d at 412-13.

Movant's assertion that the Magistrate Judge and this Court erred in accepting Movant's guilty plea without first ascertaining the existence of a factual basis for the charge to which Movant pleaded guilty is without arguable merit. The factual basis for the drug conspiracy charge to which

Movant pleaded guilty appears in detail on pages 2 through 5 of Movant's written plea agreement - the same agreement Movant and his trial counsel executed on April 2, 2013.[4]  This Court was aware of that fact when it accepted Movant's guilty plea.  In assessing the factual sufficiency for a guilty plea under the plain error standard applicable to Movant's case, this Court may go beyond the facts to which Movant admitted during his guilty plea hearing and search the entire record, including the charging instruction, if sufficiently detailed, for facts supporting the conviction.  *United States v. Hughes*, 726 F.3d 656, 660 (5th Cir. 2013) (holding indictment and plea colloquy which set forth defendant's use of telephone in connection with drug trafficking supported guilty pleas to multiple drug charges, including conspiracy); *United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010).  The essential elements of a drug conspiracy are (1) an agreement by two or more persons to violate the narcotics laws; (2) a defendant's knowledge of the agreement; and (3) the defendant's voluntary participation in the agreement.  *United States v. Vargas-Ocampo*, 747 F.3d 299, 303 (5th Cir. 2014), *cert. denied*, ___ U.S. ___, 135 S. Ct. 170 (2014); *United States v. Nieto*, 721 F.3d 357, 367 (5th Cir. 2013), *cert. denied*, ___ U.S. ___, 134 S. Ct. 973 (2014).  It is unnecessary for the government to prove the specific quantity or type of drugs alleged in the indictment was involved in a drug conspiracy to support a drug conspiracy conviction.  *United States v. Daniels*, 723 F.3d 562, 572 (5th Cir. 2013), *cert. denied*, ___ U.S. ___, 134 S. Ct. 973 (2014).  The factual basis contained in Movant's written plea agreement was more than sufficient to establish all of the essential elements

---

[4] The factual basis for Movant's guilty plea included recitations that (1) Movant instructed a fellow co-conspirator telephonically in December, 2008 to act as a look out for a vehicle used to transport marijuana, (2) Movant later telephonically discussed with another co-conspirator how much marijuana was left inside the vehicle in question after a portion of the marijuana had been removed from the vehicle, (3) in March, 2009, Movant telephonically discussed with a co-conspirator another vehicle containing marijuana, and (4) Movant was observed driving a vehicle which shortly thereafter was found to contain over one hundred pounds of marijuana.

of the drug conspiracy offense charged in the superseding information to which Movant pleaded guilty.  Movant was observed moving a vehicle shortly thereafter found to contain marijuana. Movant was observed conversing both in person and telephonically with co-conspirators who monitored and moved the same vehicle.  Movant was heard conversing telephonically with a co-conspirator about the quantities of drugs remaining inside a vehicle used to transport marijuana after some marijuana had been removed from that vehicle.  Movant conversed with fellow co-conspirators about how they should manage and protect the drugs they were transporting in vehicles.  Movant's argument that there was no factual basis to support his guilty plea to a charge of conspiracy to violate the narcotics laws is without arguable merit.

Movant's complaint that he was not informed of his right to appeal his conviction and sentence is refuted by the plain language of Movant's plea agreement, which provided in clear and unambiguous terms that Movant waived his right to appeal his conviction and sentence: "By pleading guilty, Defendant understands that he is giving up all of these rights, including the right to appeal his conviction and sentence."[5]

Movant's conclusory assertions that his guilty plea was involuntary do not warrant relief under Section 2255.

### V. Movant's Ineffective Assistance Claims

A.      Overview of the Complaints

Liberally construed, Movant's pro se pleadings include assertions that Movant's trial counsel rendered ineffective assistance by (1) failing to object to the erroneous conversion of 654 Pounds

---

[5] ECF no. 215-1, at p. 7 of 9.

of marijuana into 654 Kilograms of marihuana in Movant's PSIR, (2) withdrawing Movant's objections to multiple alleged errors in Movant's PSIR (including suggestions Movant played a leadership or managerial role in the offense and the drug quantity relevant to Movant's offense was 654 Kilograms of marijuana), (3) failing to preserve objections to the breach of Movant's plea agreement (specifically the quantity of marijuana involved in Movant's offense indicated in Movant's plea agreement which differed from the quantity set forth in Movant's PSIR), (4) failing to object to the absence of a factual basis for the conspiracy charge against Movant, and (5) failing to move to withdraw Movant's guilty plea once the government breached Movant's plea agreement.

B.    The Constitutional Standard

The Sixth Amendment entitles criminal defendants to "the effective assistance of counsel," *i.e.*, legal representation that does not (1) fall below an objective standard of reasonableness in light of prevailing professional norms and the circumstances of the defendant's case (*Strickland v. Washington,* 466 U.S. 668, 686 (1984); *Bobby v. Van Hook*, 558 U.S. 4, 7 (2009)); and (2) give rise to a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different (*Strickland,* 466 U.S. at 694; *Porter v. McCollum*, 558 U.S. 30, 38-40 (2009)).

The constitutional standard for determining whether a criminal defendant has been denied the effective assistance of trial counsel, as guaranteed by the Sixth Amendment, was announced by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel"

guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown n the adversary process that renders the result unreliable.

To satisfy the first prong of *Strickland*, i.e., establish that his counsel's performance was constitutionally deficient, a convicted defendant must show that counsel's representation "fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003); *Williams v. Taylor*, 529 U.S. 362, 390-91 (2000).  In so doing, a convicted defendant must carry the burden of proof and overcome a strong presumption that the conduct of his trial counsel falls within a wide range of reasonable professional assistance.  *Strickland*, 466 U.S. at 687-91.  Courts are extremely deferential in scrutinizing the performance of counsel and make every effort to eliminate the distorting effects of hindsight.  *See Wiggins*, 539 U.S. at 523 (holding the proper analysis under the first prong of *Strickland* is an objective review of the reasonableness of counsel's performance under prevailing professional norms which includes a context-dependent consideration of the challenged conduct as seen from the perspective of said counsel at the time).  Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment and the burden to show that counsel's performance was deficient rests squarely on the defendant.  *See Burt v. Titlow*, ___ U.S. ___, 134 S. Ct. 10, 17 (2013) (*quoting Strickland v. Washington*, 466 U.S. at 690)*.*  "No particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant." *Van Hook*, 558 U.S. at 7; *Strickland*, 466 U.S. at 688-89.

To satisfy the "prejudice" prong, a convicted defendant must establish a reasonable probability that, but for the objectively unreasonable misconduct of his counsel, the result of the proceeding would have been different. *Wiggins*, 539 U.S. at 534; *Strickland*, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding. *Wiggins*, 539 U.S. at 534; *Strickland*, 466 U.S. at 694.

A criminal defendant has the burden to prove both prongs of the *Strickland* ineffective assistance standard by a preponderance of the evidence. *Rogers v. Quarterman*, 555 F.3d 483, 489 (5th Cir. 2009), *cert. denied*, 558 U.S. 839 (2009); *Blanton v. Quarterman*, 543 F.3d 230, 235 (5th Cir. 2008), *cert. denied*, 556 U.S. 1240 (2009); *Montoya*, 226 F.3d at 408 (5th Cir. 2000).

Under the well-settled *Strickland* standard, the Supreme Court recognizes a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland*, 466 U.S. at 690; *Scheanette v. Quarterman*, 482 F.3d 815, 820 (5th Cir. 2007); *Sonnier v. Quarterman*, 476 F.3d 349, 356 (5th Cir. 2007), *cert.* denied, 552 U.S. 948 (2007), *stay of execution denied*, 555 U.S. 1160 (2009); *Gonzales v. Quarterman*, 458 F.3d 384, 390 (5th Cir. 2006), *cert. denied*, 549 U.S. 1323 (2007).

Conclusory assertions of ineffective assistance are insufficient to present a claim for relief. *Woodfox v. Cain*, 609 F.3d 774, 819 n.17 (5th Cir. 2010) (conclusory arguments regarding how speculative evidence would have rendered a prosecution witness's testimony inadmissible insufficient to support a claim for ineffective assistance); *Gregory v. Thaler*, 601 F.3d 347, 353 (5th Cir.) (conclusory statements regarding the content of uncalled witnesses' testimony insufficient to demonstrate ineffective assistance), *cert. denied*, ___ U.S. ___, 131 S. Ct. 265 (2010); *Day v.*

20

*Quarterman*, 566 F.3d 527, 540 (5th Cir. 2009) (mere allegation of ineffective assistance during cross-examination does not permit the Court to examine whether counsel's failure prejudiced the defendant); *United States v. Demik*, 489 F.3d 644, 646 (5th Cir. 2007) (holding that conclusory allegations are insufficient to raise cognizable claims of ineffective assistance of counsel), *cert. denied*, 552 U.S. 982 (2007); *Murphy v. Dretke*, 416 F.3d 427, 436-37 (5th Cir. 2005) (petitioner's reference to "the entire voir dire record" held conclusory and insufficient to support allegations of disparate questioning of African-American venire members by the prosecution), *cert. denied*, 546 U.S. 1098 (2006); *United States v. Holmes*, 406 F.3d 337, 361 (5th Cir. 2005) (complaints about defense counsel's "passivity" and failure to object during the prosecution's cross-examination of unspecified witnesses held conclusory and insufficient to support an ineffective assistance claim where defendant failed to identify a single improper cross-examination question by the prosecutor and a possible valid objection defense counsel could have raised), *cert. denied*, 546 U.S. 871 (2005); *Sayre v. Anderson*, 238 F.3d 631, 635 (5th Cir. 2001) (defendant's self-serving conclusory statement that his testimony would have resulted in an acquittal, standing alone, insufficient to satisfy prejudice prong of *Strickland* analysis).

The two-part test of *Strickland v. Washington* applies to challenges to guilty pleas based on ineffective assistance of counsel. *Lafler v. Cooper*, ___ U.S. ___, 132 S. Ct. 1376, 1384 (2012); *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). A defendant who pleads guilty upon the advice of counsel "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*." *Lockhart*, 474 U.S. at 56-57; *Tollett*, 411 U.S. at 267. "Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends

on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.' " *Lockhart*, 474 U.S. at 56; *McMann v. Richardson,* 397 U.S. 759, 771 (1970).  To establish "prejudice" under *Strickland* in connection with a guilty plea, the defendant must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Premo v. Moore*, 562 U.S. 115, ___, 131 S.Ct. 733, 743 (2011); *Lockhart,* 474 U.S. at 59.

C.    Failure to Challenge Drug Quantity in PSIR

Insofar as Movant faults his trial counsel for failing to object to the drug quantity set forth in Movant's PSIR, Movant's argument is factually inaccurate.  Movant's trial counsel did, in fact, initially object to that specific matter.[6]  Moreover, the government has furnished this Court with an affidavit from Movant's trial counsel in which he states, in pertinent part, that (1) at the time he began negotiating with the government on Movant's behalf, Movant had already been charged with a drug conspiracy offense involving more than one thousand kilograms of marijuana,[7] (2) he negotiated a plea for Movant which resulted in Movant pleading guilty to conspiring to possess with intent to distribute one hundred or more kilograms of marijuana, (3) the government had evidence showing Movant's drug conspiracy involved more than 615 kilograms of marijuana, and (4) at the sentencing hearing, after consulting with Movant, he withdrew the defendant's objection to the conversion of the drug quantity from pounds to kilograms because pursuing that objection could

---

[6] Statement of facts from Movant's sentencing hearing held July 22, 2013, ECF no. 214, (henceforth "S.F. Sentencing Hearing"), at pp. 3-4.

[7] Count one of the superseding indictment charged Movant with conspiring to possess with intent to distribute 1,000 or more kilograms of marijuana.  ECF no. 120.

have increased Movant's sentencing exposure.[8]  Given the undisputed fact Movant had already been charged with a drug conspiracy involving ten times the amount of marijuana charged in the superseding information to which Movant entered his guilty plea, and the fact Movant's trial counsel negotiated a plea bargain for Movant which permitted Movant to plead to a drug conspiracy offense for which Movant would be sentenced in the one-to-four hundred kilogram range, the decision by Movant's trial counsel to withdraw the defense's objection to the Movant's PSIR's drug quantity calculation appears eminently reasonable.

Furthermore, Movant has alleged no specific facts showing a reasonable probability that, but for the failure of Movant's trial counsel to continue to pursue the defense's objection to the drug quantity calculation in Movant's PSIR, Movant would have received a less harsh sentence.  Movant has not alleged any facts, much less furnished any evidence, showing the government would have been unable to present evidence at Movant's sentencing hearing showing a drug quantity of at least 615 kilograms was relevant to Movant's drug conspiracy offense.  Movant's trial counsel negotiated a plea bargain for Movant which resulted in Movant receiving a sentence less than the mandatory minimum sentence Movant would have received had Movant been convicted under the superseding indictment (ECF no. 120).  Movant doers not contest his trial counsel's assertion that the government could have proved Movant's drug conspiracy involved more than 600 kilograms of marijuana.  Nor does Movant allege any specific facts showing there was any evidence available at the time of Movant's sentencing hearing which could have been presented to establish Movant's drug conspiracy involved less than the quantity of drugs set forth in Movant's PSIR.  Under such

---

[8] Affidavit of Mario Trevino, attached to Government's Response to Movant's Motion to Vacate, filed October 24, 2014 (ECF no. 218).

circumstances, choosing to waive the defense's objection to the drug quantity in Movant's PSIR did not cause the performance of Movant's trial counsel to fall below an objective level of reasonableness. Movant's first complaint of ineffective assistance by his trial counsel fails to satisfy either prong of *Strickland* analysis.

D.      Failure to Object to Movant's Designation as a Leader or Manager

Movant's trial counsel states in his affidavit that he withdrew the defense's objection to the PSIR's classification of Movant as a "manager" after it became apparent the government could demonstrate there were multiple persons involved in the drug conspiracy over whom Movant had exercised supervisory control. Movant has not contested the factual accuracy of this assertion. In fact, the factual basis for Movant's guilty plea contained in Movant's plea agreement suggests Movant served in a supervisory role in connection with the drug conspiracy and gave directions to others involved in the conspiracy. Movant's trial counsel also states in his affidavit that pursuing an objection to the PSIR's characterization of Movant as a manager could have highlighted facts negative to Movant and increased Movant's exposure under the federal Sentencing Guidelines. Once again, Movant fails to allege any specific facts showing there was any evidence available at the time of his sentencing hearing which Movant's trial counsel could have used to show Movant had not served in a managerial role in connection with Movant's drug conspiracy. Movant also alleges no specific facts showing that, but for the failure of Movant's trial counsel to actively contest the Movant's characterization as a "manager" for federal Sentencing Guidelines purposes, the sentence Movant received would have been less harsh. Under such circumstances, Movant's complaint about his trial counsel's failure to challenge the Movant's designation as a "manager' in Movant's PSIR fails to satisfy either prong of *Strickland* analysis.

E.    Failure to Object to breach of Plea Agreement or Move to Withdraw Movant's Guilty Plea

Insofar as Movant argues his trial counsel should have either objected to the alleged breach of Movant's plea agreement or moved to withdraw Movant's guilty plea, those complaints suffer from the same analytical defect.  As explained above in Section III., there was no breach of Movant's plea agreement.  Movant's trial counsel reasonably opines in his affidavit that there was no basis for objecting to an alleged breach of Movant's plea agreement, This Court agrees.  Movant's trial counsel cannot reasonably be faulted for failing to object (or move to withdraw Movant's guilty plea) based upon an alleged breach of Movant's plea agreement which never took place.  The failure of Movant's trial counsel to object to a non-existent breach of Movant's plea agreement did not cause the performance of Movant's trial counsel to fall below an objective level of reasonableness.  *See Clark v. Thaler*, 673 F.3d 410, 429 (5th Cir. 2012) ("failure to assert a meritless objection cannot be grounds for a finding of deficient performance."), *cert. denied*, ___ U.S. ___, 133 S. Ct. 179 (2012); *Paredes v. Quarterman*, 574 F.3d 281, 291 (5th Cir. 2009) (holding failure to raise a meritless objection does not satisfy the deficient performance prong of *Strickland*), *cert. denied*, ___ U.S. ___, 131 S. Ct. 1050 (2011); *Wood v. Quarterman*, 503 F.3d 408, 413 (5th Cir. 2007) (failure to raise futile or meritless objections is not ineffective lawyering), *cert. denied*, 552 U.S. 1314 (2008); *Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002) (holding there was nothing deficient in counsel's failure to object to the admission of psychiatric testimony that was admissible under then-existing precedent), *cert. denied*, 538 U.S. 926 (2003); *Robison v. Johnson*, 151 F.3d 256, 261 (5th Cir. 1998) (nothing deficient regarding trial counsel's failure to seek admission of a document the state court concluded was inadmissible), *cert. denied*, 526 U.S. 1100 (1999); *Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997) (failure to assert a meritless objection cannot be the grounds for

a finding of deficient performance), *cert. denied*, 525 U.S. 969 (1998).  Because there was nothing objectively unreasonable (i.e., professionally deficient) with the failure of petitioner's trial counsel to object to assert that Movant's plea agreement had been breached, the failure of Movant's trial counsel to make the objection now urged by Movant did not fall outside the broad range of acceptable professional representation permissible under the first prong of *Strickland* analysis.

In order to establish "prejudice" within the meaning of *Strickland* analysis in the context of a federal sentencing proceeding, the defendant must demonstrate that but for the error of trial counsel the defendant would have received less actual jail time.  *See Glover v. United States*, 521 U.S. 198, 203 (2001) (holding "any amount of jail time has Sixth Amendment significance"); *United States v. Rivas-Lopez*, 678 F.3d 353, 357 (5th Cir. 2012) ("Any amount of additional jail time is significant for purposes of showing prejudice."); *United States v. Grammas*, 376 F.3d 433, 439 (5th Cir. 2004) (recognizing *Glover* abrogated the previous Fifth Circuit test and requires analysis under *Strickland's* prejudice prong of whether the defendant's sentence would have involved any lesser amount of jail time but for the deficient performance of defense counsel).  Any attempt by Movant's trial counsel to assert that Movant's plea agreement had been breached would have been rejected by this Court. The failure of Movant's trial counsel to make such a meritless objection did not cause Movant to receive a sentence above that which Movant actually did receive.  These assertions of ineffective assistance fail to satisfy the prejudice prong of *Strickland*.  *See Paredes*, 574 F.3d at 291 n.13 (failure to raise a meritless argument cannot be the basis for an ineffective assistance claim because the result of the proceeding would not have been different had the attorney raised the issue).  These assertions of ineffective assistance fail to satisfy either prong of *Strickland* analysis.

F.      Failure to Object to Alleged Absence of a Factual Basis for Movant's Guilty Plea

As this Court explained at length in Section IV. above, the factual basis for the charge to which Movant entered his guilty plea was set forth in sufficient detail in the Movant's written plea agreement.  Movant's trial counsel opines in his affidavit that such an objection would have been "wholly without merit."  This Court agrees.  The failure of Movant's trial counsel to raise such an objection did not cause the performance of said counsel to fall below an objective level of reasonableness and did not "prejudice" Movant within the meaning of *Strickland*.  *Clark*, 673 F.3d at 429; *Paredes*, 574 F.3d at 291; *Wood*, 503 F.3d at 413.  This assertion of ineffective assistance fails to satisfy either prong of *Strickland* analysis.

## VI. Evidentiary Hearing Unnecessary

"A motion brought under 28 U.S.C. 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Bartholomew,* 974 F.2d 39, 41 (5th Cir. 1992).  However, when, as here, a Movant for relief under 28 U.S.C. §2255 has presented claims that are either contrary to law or plainly refuted by the record, an evidentiary hearing is not necessary. *See Bartholomew*, 974 F.2d at 41 (holding there was no abuse of discretion in denying a Section 2255 motion without a hearing where the Movant's assertions of ineffective assistance were conclusionary in nature and refuted by reference to the record itself); *United States v. Plewniak*, 947 F.2d 1284, 1290 (5th Cir. 1991) (holding an evidentiary hearing is not necessary when the file and records conclusively show the prisoner entitled to no relief), *cert. denied*, 502 U.S. 1120 (1992).  Moreover, conclusory assertions devoid of specific

factual support do not warrant an evidentiary hearing. *Iacovetti v. United States*, 534 F.2d 1189, 1190 (5th Cir. 1976).

Movant's assertions that his plea agreement was breached and that his guilty plea was involuntary are refuted by the record before this Court. Movant has failed to allege any specific facts supporting his ineffective assistance claims which satisfy either prong of *Strickland* analysis. On the contrary, the record before this Court refutes the factual premises underlying Movant's ineffective assistance complaints. Where, as here, the Movant has furnished only vague conclusions in support of his claims, no evidentiary hearing is necessary. *See Demik*, 489 F.3d at 646-47 (conclusory allegations of ineffective assistance were insufficient to warrant an evidentiary hearing); *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (conclusions devoid of specific factual support do not require an evidentiary hearing), *cert. denied*, 548 U.S. 908 (2006).

## VII. Certificate of Appealability

Before a Movant may appeal the denial of a motion to vacate sentence filed under Section 2255, the Movant must obtain a Certificate of Appealability ("CoA"). *Hohn v. United States*, 524 U.S. 236, 239-40 (1998); *United States v. Hall*, 455 F.3d 508, 513 (5th Cir. 2006), *cert. denied*, 549 U.S. 1343 (2007); *United States v. Webster*, 392 F.3d 787, 791 (5th Cir. 2004); 28 U.S.C. §2253(c)(1)(B). Appellate review is limited to the issues on which a CoA is granted. *See Larry v. Dretke*, 361 F.3d 890, 896 (5th Cir. 2004) (holding a CoA is granted on an issue-by-issue basis, thereby limiting appellate review to those issues), *cert. denied*, 543 U.S. 893 (2004); *Crutcher v. Cockrell*, 301 F.3d 656, 658 n.10 (5th Cir. 2002) (holding the same); *Jones v. Cain*, 227 F.3d 228, 230 n.2 (5th Cir. 2000) (holding the same); *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997)

(holding the scope of appellate review of denial of a habeas petition limited to the issues on which CoA has been granted).  In other words, a CoA is granted or denied on an issue-by-issue basis, thereby limiting appellate review to those issues on which CoA is granted alone. *Dretke*, 361 F.3d at 896; *Crutcher*, 301 F.3d at 658 n.10; *Lackey*, 116 F.3d at 151; *Murphy v. Johnson*, 110 F.3d 10, 11 n.1 (5th Cir. 1997); 28 U.S.C. §2253(c)(3).  This Court is authorized to address the propriety of granting a CoA *sua sponte*.  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

A CoA will not be granted unless the Movant makes a substantial showing of the denial of a constitutional right.  *Hohn*, 524 U.S. at 240; *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Miller-El v. Johnson*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983); *Hall*, 455 F.3d at 513; *Webster*, 392 F.3d at 791; *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002), *cert. denied*, 537 U.S. 1018 (2002).  To make such a showing, the Movant need not show that he will prevail on the merits but, rather, must demonstrate reasonable jurists could debate whether (or, for that matter, agree) the motion should have been resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further.  *Dretke*, 542 U.S. at 282; *Miller-El*, 537 U.S. at 336; *Slack*, 529 U.S. at 484; *Barefoot*, 463 U.S. at 893 n.4; *Webster*, 392 F.3d at 791; *Jones*, 287 F.3d at 329.

The showing necessary to obtain a CoA on a particular claim is dependent upon the manner in which the District Court has disposed of a claim.  "[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Miller-El*, 537 U.S. at 338 (*quoting Slack*, 529 U.S. at 484).  In a case in which the Movant wishes to challenge on appeal this Court's dismissal of a claim

for a reason not of constitutional dimension, such as procedural default or limitations, the Movant must show jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and whether this Court was correct in its procedural ruling. *Slack*, 529 U.S. at 484 (holding when a district court denies a habeas claim on procedural grounds, without reaching the underlying constitutional claim, CoA may issue only when petitioner shows reasonable jurists would find it debatable whether (1) the claim is a valid assertion of the denial of a constitutional right and (2) the district court's procedural ruling was correct).

Viewed in proper context, there is no basis for disagreement among jurists of reason with regard to this Court's disposition of any of Movant's claims herein. Reasonable minds could not disagree with this court's conclusion that Movant's ineffective assistance claims all fail to satisfy either prong of *Strickland* analysis. The record before this Court establishes Movant received a sentence wholly consistent with his plea agreement. Likewise, Movant does not allege his waiver of his right to appeal or to seek relief under Section 2255 was other than voluntary, intelligent, and knowing, i.e., fully informed. Movant does not allege he ever requested his trial counsel file an appeal on Movant's behalf. Reasonable minds could not disagree with this Court's conclusion that none of Movant's ineffective assistance claims satisfy either prong of *Strickland* analysis.

Accordingly, it is hereby **ORDERED** that:

1. The referral of this cause to the Magistrate Judge is **WITHDRAWN**.

2. Movant's motion to vacate, set aside, or correct his sentence pursuant to Title 28 U.S.C. Section 2255, filed July 14, 2014 (ECF nos. 215 & 216) is in all respects **DENIED**.

3. Movant's request for an evidentiary hearing is **DENIED**.

30

4.  Movant is **DENIED** a Certificate of Appealability on all claims herein.

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, December 1, 2014.

_____
David Alan Ezra
Senior United States Distict Judge