UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| OZVALDO HERNANDEZ, | § | No. SA:14–CV–644–DAE |
| | § | (No. SA:12–CR–449(2)–DAE) |
| Movant-Defendant, | § | |
| | § | |
| vs. | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent-Plaintiffs. | § | |

ORDER ADOPTING REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE

Before the Court are Objections to the Magistrate Judge's December 22, 2014 Report and Recommendation (Dkt. # 233) and a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. # 215) filed by Movant-Defendant Ozvaldo Hernandez ("Hernandez"). Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing. After careful consideration, and for the reasons that follow, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. # 233) and **DENIES** Hernandez's Motion to Vacate, Set Aside, or Correct Sentence (Dkt. # 215).

BACKGROUND

I.      Factual Background

In 2013, pursuant to a written plea agreement, Hernandez agreed to plead guilty to count one of a one-count superseding information charging him

1

with conspiracy to possess with intent to distribute 100 or more kilograms of a mixture or substance containing a detectable amount of marijuana.  (Dkt. # 160.) The maximum punishment for this offense under the statute was a mandatory five-year term of imprisonment and up to 40 years imprisonment, followed by a mandatory minimum five-year term of supervised release, a fine up to $5 million, and payment of a $100 mandatory special assessment.

At a rearraignment hearing conducted on April 23, 2013, Hernandez pleaded guilty pursuant to a sealed plea agreement.  In the plea agreement, Hernandez acknowledged, in relevant part: the maximum possible punishment under the statute, that the Court may sentence Hernandez in reference to the advisory sentencing guidelines, that Hernandez had not received any promises about the sentence he would receive, that Hernandez was satisfied with the representation of his attorney, and that Hernandez waived his rights to appeal and file post-conviction motions.  (Id.)  On April 24, 2014, the Court accepted Hernandez's guilty plea.  (Dkts. ## 168, 171.)

Hernandez's sealed presentence investigation report ("PSR") calculated his base offense level at 28 based upon the 615.49 kilograms of marijuana for which Hernandez was responsible.  (Dkt. # 189 at 7 (citing U.S.S.G. §2D1.1(c)(6)).)  The base level was increased by two points because Hernandez was directly involved in the importation of a controlled substance and therefore

met the criteria for an "aggravating role" set forth in U.S.S.G. §3B1.1(b).  (Id. at 8.)  The base level was increased by another three points pursuant to U.S.S.G. §3B1.1(b) because Hernandez was a manager in the criminal activity and the criminal activity involved five or more participants.  (Id.)  Hernandez also received a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. §3E1.1(a) and (b)(1) and (2), resulting in a total offense level of 30.  (Id.)  With a criminal history category of I, Hernandez's advisory guideline range of imprisonment was 97–121 months.  (Dkt. # 189-3 at 1.)

Hernandez, through his attorney, made four substantive objections to the PSR.  (Dkt. # 189-2.)  Hernandez objected to the amount of marijuana for which he was responsible, as well as to being classified as having an "aggravating role."  He also objected to the PSR's failure to identify factors that may warrant a sentence outside the advisory guideline range.  (Id.)  Upon review of the objections, the U.S. Probation Office declined to revise the report in light of the drug quantity and aggravating role objections, but did revise the report to notify the Court of possible reasons for a downward variance to be presented by defense counsel at sentencing.  (Dkt. # 189-1.)  The Court was asked to rule on the remaining objections.  (Id.)

The Court held Hernandez's sentencing hearing on July 22, 2013.  (Dkt. # 214.)  Before imposing the sentence, the Court inquired about the

objections, and counsel for Hernandez indicated that they had decided to withdraw all of the objections with the exception of the objection to the PSR's failure to identify factors that may warrant a sentence outside the advisory guideline range. (Id. at 4.)  Following statements from both parties, and after carefully considering Hernandez's arguments for a sentence outside the guideline range, the Court sentenced Hernandez to 110 months imprisonment followed by four years of supervised release, and imposed a mandatory special assessment of $100.  (Dkts. ## 193–95, 214.)  The Court also advised Hernandez that because he had signed a plea agreement in which he waived his right to appeal his sentence, there was no appeal available to him.  (Dkt. # 160.)

II.    Procedural Background

On July 14, 2014, Hernandez filed a pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and a memorandum in support.  (Dkts. ## 215, 216.)  On October 24, 2014, the Government filed a Response in Opposition to Hernandez's requests for relief.  (Dkt. # 218.) Hernandez then filed several further submissions in support of his Motion, including a Motion to Strike.  (Dkts. ## 230–32.)   Together, Hernandez's submissions present the following arguments:

(1)    Hernandez's plea agreement was breached when the Court sentenced him in reliance on the computation in the PSR that converted the 654 pounds of marijuana included in the factual basis for his plea into a quantity between 100 and 400 kilograms of marijuana;

4

(2)     The Government fraudulently induced Hernandez's guilty plea by representing that the offense involved 654 pounds of marijuana, but Hernandez was later sentenced in reference to a quantity between 100 and 400 kilograms of marijuana;

(3)     The Court erred when it accepted Hernandez's guilty plea without determining that Hernandez understood the drug quantity that would be used to compute his sentence, and when it determined that there was a factual basis for finding an agreement existed between Hernandez and another person;

(4)     The Court erred when it sentenced Hernandez without first asking if Hernandez personally agreed to withdraw the objections to the PSR;

(5)     The Court made erroneous references at sentencing to drug cartels, drug trafficking, and the Zeta gang, which were without factual foundation in the evidence before the Court;

(6)     The Court did not inform Hernandez of his right to appeal his conviction and sentence;

(7)     Hernandez's trial counsel rendered ineffective assistance at sentencing by failing to object to the erroneous conversion of 654 pounds of marijuana to kilograms;

(8)     Hernandez's trial counsel rendered ineffective assistance at sentencing by withdrawing objections to the PSR;

(9)     Hernandez's trial counsel rendered ineffective assistance at sentencing by failing to preserve objections to the breach of the plea agreement;

(10)     Hernandez's trial counsel rendered ineffective assistance at sentencing by failing to object to the absence of a factual basis for the conspiracy charge against Hernandez; and

(11)     Hernandez's trial counsel rendered ineffective assistance at sentencing by failing to move to withdraw Hernandez's guilty plea once the Government breached the plea agreement.

On December 22, 2014, United States Magistrate Judge Pamela
Mathy entered a Report and Recommendation concluding that (1) Hernandez's
assertions that his plea agreement was breached and his guilty plea was
fraudulently induced when he was sentenced in reference to 400–700 kilograms of
marijuana, rather than approximately 650 pounds of marijuana, must be rejected as
having been refuted by the record as a whole, (Dkt. # 233 at 29); (2) there is no
support in the record for Hernandez's assertion that he was told, or led to believe,
that he would be sentenced only in reference to approximately 650 pounds of
marijuana and could or would not be sentenced in reference to relevant conduct
showing his conspiracy offense included approximately 615 kilograms of
marijuana, (id.); (3) Hernandez's counsel at sentencing did not perform deficiently
by withdrawing an objection to the drug quantity used in the PSR out of fear that
the objection "could have increased my client's sentencing exposure," (id. at 30);
(4) Hernandez's counsel did not perform deficiently by withdrawing an objection
to an adjustment under the advisory guidelines based on Hernandez's managerial
role "after it became apparent that the government could demonstrate a list of
people over whom my client had supervisory control, [which] could have
highlighted facts negative to Mr. Hernandez and increased his exposure under the
Guidelines," (id. at 31); (5) Hernandez's counsel did not perform deficiently by
failing to object to a breach of the plea agreement or move to withdraw

6

Hernandez's guilty plea, because the plea agreement was not breached, (id. at 32); (6) Hernandez's counsel did not perform deficiently by failing to object to the absence of a factual basis in support of the conspiracy charge to which Hernandez pleaded guilty, because Hernandez has failed to identify any basis in law for such an objection, (id.); (7) an evidentiary hearing should be denied because the motion, files, and record in the case conclusively show that Hernandez is not entitled to relief, (id. at 33); and (8) a certificate of appealability should not issue because Hernandez has not made a substantial showing of the denial of a constitutional right (id.).

On January 6, 2015, Hernandez acknowledged receipt of the Magistrate Judge's Report and Recommendation. (Dkt. # 239.) On January 7, 2015, Hernandez filed an "Objection Under Fed. Rule Civ. P. 46." (Dkt. # 240.) On January 9, 2015, Hernandez filed Objections to the Magistrate Judge's Report and Recommendation. (Dkt. # 241.) The Government did not file a Response.

<u>LEGAL STANDARDS</u>

I.      <u>Review of a Magistrate Judge's Report and Recommendation</u>

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected. <u>See</u> 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which

objection is made.").  The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider.  <u>Thomas v. Arn</u>, 474 U.S. 140, 151 (1985).  A district court need not consider "[f]rivolous, conclusive, or general objections."  <u>Battle v. U.S. Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Report and Recommendation is clearly erroneous or contrary to law.  <u>United States v. Wilson</u>, 864 F.2d 1219, 1221 (5th Cir. 1989).

II.   <u>Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255</u>

28 U.S.C. § 2255 provides relief for a convicted federal prisoner who can establish that either: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is otherwise subject to collateral attack."  <u>United States v. Placente</u>, 81 F.3d 555, 558 (5th Cir. 1996).  Section 2255 relief is reserved for errors of constitutional dimension and other injuries that could not have been raised on direct appeal and, if left unaddressed, would result in a complete

miscarriage of justice.  United States v. Cervantes, 132 F.3d 1106, 1109 (5th Cir. 1998).

Section 2255 does not reach errors not of a constitutional or jurisdictional magnitude that could have been reached by a direct appeal.  United States v. Rocha, 109 F.3d 225, 229 (5th Cir. 1997).  Furthermore, "[n]onconstitutional claims that could have been raised in a direct appeal, but were not, may not be asserted in a collateral proceeding."  United States v. Payne, 99 F.3d 1273, 1281 (5th Cir. 1996).  With the exception of ineffective assistance of counsel claims, Massaro v. United States, 538 U.S. 500 (2003), a defendant may not raise an issue (regardless of whether constitutional or jurisdictional in nature) for the first time on collateral review without showing both "cause" and "actual prejudice" resulting from the error.  United States v. Kallestad, 236 F.3d 225, 227 (5th Cir. 2000).

## DISCUSSION

Together, Hernandez's "Objection Under Fed. Rule Civ. P. 46" (Dkt. # 240) and Objections to the Magistrate Judge's Report and Recommendation. (Dkt. # 241) present the following objections to the Report and Recommendation: (1) the Magistrate Judge incorrectly determined that there was no basis in the record to support Hernandez's assertion that he was told, or led to believe, that he would be sentenced only in reference to approximately 650 pounds of marijuana

9

and could or would not be sentenced in reference to relevant conduct showing his conspiracy offense included approximately 615 kilograms of marijuana (Dkt. # 241 at 1–2); (2) the Magistrate Judge incorrectly determined that the Government did not breach the plea agreement or fraudulently induce Hernandez's guilty plea (id.); (3) Hernandez is not procedurally barred by the plea agreement waiver (Dkt. # 240 at 2); (4) the Magistrate Judge incorrectly determined that Hernandez's trial counsel provided effective assistance (Dkt. # 241 at 2); (5) an evidentiary hearing must be held to settle conflicting issues of disputed material facts raised in trial counsel's affidavit (Dkt. # 240 at 2); and (6) Hernandez's Motion for Sanctions should be granted (id. at 1, 3).  The Court addresses each objection below.

I.      Challenges to Plea Agreement

        First, Hernandez objects to the Magistrate Judge's determination that there was no basis in the record to support Hernandez's assertion that he was told, or led to believe, that he would be sentenced only in reference to approximately 650 pounds of marijuana and could or would not be sentenced in reference to relevant conduct showing his conspiracy offense included approximately 615 kilograms of marijuana.  (Dkt. # 241 at 1–2.)  To determine whether a plea agreement was breached, the court considers "whether the government's conduct is consistent with the defendant's reasonable understanding of the agreement." United States v. Hinojosa, 749 F.3d 407, 413 (5th Cir. 2014).

Here, the terms of the written plea agreement provide that Hernandez understood that any estimate he might have received about how the guidelines might be applied to his case was not a promise.  (Dkt. # 160 at 6.)  Furthermore, the written plea agreement does not stipulate as to the precise total quantity of marijuana relevant to the offense for the purposes of applying the guidelines. Rather, the plea agreement expressly authorized the Government to make known to the probation officer who prepared the PSR any information relevant to the sentencing calculation.[1]  (<u>Id.</u> at 9.)  Hernandez's trial counsel, Mario Trevino, testified that before Hernandez accepted the plea offer, Trevino explained the terms of the plea agreement to him, and that Hernandez knew exactly what he was agreeing to.[2]  ("Trevino Aff.," Dkt. # 218 ¶ 5.)

Indeed, the Fifth Circuit has expressly rejected the same legal argument that Hernandez makes in support of his contention that the Government

---

[1] U.S.S.G. §6B1.4(d) and its commentary provide that district courts will consider any relevant information in determining the factual basis for the sentence.  U.S. Sentencing Guidelines Manual §6B1.4(d) cmt. (2012).  When interpreting this section, the Fifth Circuit has held that courts are "entitled to base a defendant's sentence upon a significantly larger amount of drugs than that charged in the indictment and stipulated by the parties at the time of the guilty plea." <u>United States v. Woods</u>, 907 F.2d 1540, 1542 (5th Cir. 1990).

[2] Hernandez moved to strike Trevino's affidavit (Dkt. # 232), and the Magistrate Judge concluded that Hernandez had not stated a proper ground to strike the affidavit.  (Dkt. # 233 at 26.)  Hernandez did not object to this finding, and the Court concludes that the Magistrate Judge's finding is neither erroneous nor contrary to law.

breached the plea agreement by urging the Court to consider additional quantities

of marijuana as part of Hernandez's relevant conduct:

> The language of the plea agreement contains neither a reference to
> drug quantity nor a promise not to advocate for the inclusion of
> relevant conduct.  Nonetheless, Hinojosa argues that a breach
> occurred because he agreed to plead guilty to possession of 211
> kilograms of marijuana, and no more.  No legal authority pointed out
> to us supports his position that the plea agreement, which contained
> no promise to refrain from advocating for relevant conduct at
> sentencing, nonetheless must be interpreted that way.  We cannot
> conclude that Hinojosa's "reasonable understanding of the agreement"
> would include a term prohibiting the government for advocating for
> the inclusion of relevant conduct under the Guidelines.  Hinojosa has
> failed to carry his burden of showing there was error in not holding
> the government to account for this alleged breach of the plea
> agreement by urging consideration of the higher drug quantities as
> relevant conduct.

Hinojosa, 749 F.3d at 413.  Contrary to Hernandez's suggestion, there is factual

support in the record to support a finding that he conspired to possess with intent to

distribute a quantity of between 400 and 700 kilograms of marijuana—paragraph

10 of the PSR states that "[b]ased on the seized marijuana and intercepted

telephone conversations, Hernandez is responsible for 615.49 kilograms of

marijuana."  (Dkt. # 189 at 6.)

        For the reasons explained above, the Court finds that Hernandez's

assertion that the Government breached his plea agreement by urging the Court to

consider additional quantities of marijuana as part of Hernandez's relevant conduct

at sentencing is wholly refuted by the record.  Based on the record, the Court

concludes that Hernandez reasonably understood that he could be sentenced in reference to an amount of marijuana greater than approximately 650 pounds based on his relevant conduct.

II.    Challenges to Guilty Plea

Second, Hernandez objects to the Magistrate Judge's conclusion that his guilty plea was not fraudulently induced, arguing that the Government fraudulently induced his plea by promising that the factual drug quantity would be 658.25 pounds.  (Dkt. # 241 at 2.)  A guilty plea will be upheld on collateral review if entered into voluntarily, intelligently, and knowingly.  United States v. Hernandez, 234 F.3d 252, 254 (5th Cir. 2000).  A plea is "voluntary" if it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."  Hill v. Lockhart, 474 U.S. 52, 56 (1985).  When determining whether a plea is voluntary, courts examine whether the conditions for a valid plea have been met and consider all relevant circumstances, including whether the defendant (1) had notice of the charges against him, (2) understood the constitutional protections he was waiving, and (3) had access to the advice of competent counsel.  United States v. Washington, 480 F.3d 309, 315 (5th Cir. 2007).  For a guilty plea to be "intelligently" and "knowingly" entered, the defendant must understand both (1) the true nature of the charge against him, and (2) the consequences of a guilty plea.  United States v. Urias-Marrufo, 744 F.3d

361, 366 (5th Cir. 2014).  In other words, the defendant must understand the full range of punishment to which he may be subjected and the nature of the constitutional protections waived by entering a guilty plea.  Id.

Hernandez argues that the Government fraudulently induced his guilty plea by representing that he would be sentenced only in reference to 658.25 pounds of marijuana.  (Dkt. # 241 at 2.)  "Ordinarily a defendant will not be heard to refute his testimony given under oath when pleading guilty."  United States v. Fuller, 769 F.2d 1095, 1099 (5th Cir. 1985).  Documents signed by the defendant at the time of the guilty plea are entitled to "great evidentiary weight," United States v. Abreo, 30 F.3d 29, 32 (5th Cir. 1994), and the defendant's signature on guilty plea documents is prima facie proof of the validity of the plea.  Theriot v. Whitley, 18 F.3d 311, 314 (5th Cir. 1994).  If, however, the defendant offers specific factual allegations supported by the affidavit of a reliable third person, then he is entitled to a hearing on his allegations.  United States v. Reed, 719 F.3d 369, 373 (5th Cir. 2013).

For the reasons explained above, the Court finds that at no time did anyone promise Hernandez that he would be sentenced only in reference to 658.25 pounds of marijuana.  Rather, the written plea agreement, which is signed by Hernandez, expressly authorized the Government to make known to the probation officer who prepared the PSR any information relevant to the sentencing

14

calculation.  (Dkt. # 160 at 9.)  Furthermore, the record also shows that Hernandez entered his guilty plea voluntarily, intelligently, and knowingly: Trevino's affidavit confirms that before entering the guilty plea, Trevino discussed with Hernandez the nature of the charges against him, possible defenses to the charges, and the range of possible sentences, including the mandatory minimum sentence of five years and the statutory maximum sentence of forty years.  (Trevino Aff. ¶ 5.) Trevino also explained to Hernandez that he could not guarantee any particular sentence, and that the sentence he would receive would be at the sentencing judge's discretion.  (Id.)  Trevino also stated that Hernandez "knew exactly what he was agreeing to and the options and avenues available to him."  (Id.) Hernandez has not offered specific factual allegations supported by the affidavit of a reliable third person to refute these statements.

In sum, the Court finds that the record supports a finding that Hernandez entered his plea voluntarily, intelligently, and knowingly, and finds no support in the record for Hernandez's assertion that he was told he would be sentenced in reference only to 658.25 pounds of marijuana.

III.   Waiver

Third, Hernandez argues that he is not procedurally barred from raising his § 2255 claims by the "plea agreement waiver" because the Government's breach of the plea agreement rendered the waiver inoperable.  (Dkt.

# 240 at 2.)  The Magistrate Judge noted that Hernandez's plea agreement contained a provision in which Hernandez waived is right to appeal or file post-conviction challenges, including claims of ineffective assistance of counsel or prosecutorial misconduct, except in certain specified circumstances.  (Dkt. # 233 at 20.)  The Magistrate Judge further noted that Hernandez does not argue that he did not knowingly, intelligently, and voluntarily understand and agree to each of the provisions in the written plea agreement, including the waivers of his right to appeal and file post-conviction challenges.  (Id. at 21.)

For the reasons explained above, Hernandez has not shown that the Government breached his plea agreement.  As discussed above, Hernandez waived his right to appeal when he signed the plea agreement, which the Court has found is valid and binding.  Hernandez is thus procedurally barred from raising claims other than ineffective assistance of counsel claims.  See United States v. Torres,163 F.3d 909, 911 (5th Cir. 1999) (when a defendant has procedurally defaulted on a claim by failing to raise it on direct review, it may be raised in a § 2255 motion only if the defendant can demonstrate either (1) cause and prejudice, or (2) that he is actually innocent of the crime for which he was convicted).  However, in an abundance of caution, this Order fully addresses each of Hernandez's objections.

IV.     Ineffective Assistance of Counsel

Fourth, Hernandez states that "[t]he ineffective and incompetent assistance of counsel throughout this travesty of justice would be obvious to an independent and disinterested tribunal," (Dkt. # 241 at 2), which the Court construes as a general objection to the Magistrate Judge's findings regarding Hernandez's ineffective assistance of counsel claims.

To obtain post-conviction relief on a claim of ineffective assistance of counsel, a defendant must demonstrate that his counsel was deficient and that the deficiency prejudiced his defense.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  In order to establish that his counsel's performance was constitutionally deficient, the defendant carries the burden of proving that counsel's representation fell below an objective standard of reasonableness.  Id. at 688.  There is a strong presumption that trial counsel's conduct fell within the wide range of reasonable professional assistance.  Id. at 690.  In reviewing counsel's performance, the court makes every effort to eliminate the distorting effects of hindsight, and attempts to adopt the perspective of counsel at the time of the representation.  Id. at 689.

Even if the defendant is able to show that trial counsel's errors were professionally unreasonable, the defendant must also be able to show that those errors were prejudicial to the defense in order to constitute ineffective assistance under the Constitution.  Id. at 692.  The defendant must show that there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Id. at 694.  Only a reasonable probability is sufficient to undermine confidence in the proceeding's outcome.  Id.  A criminal defendant has the burden to prove both prongs of the Strickland ineffective assistance standard by a preponderance of the evidence.  Rogers v. Quarterman, 555 F.3d 483, 489 (5th Cir. 2009).

     A.    Drug Quantity in PSR

       Hernandez objects to his trial counsel's failure to object to the drug quantity used to calculate his sentence in the PSR.  However, the evidence shows that Trevino did file a written objection to the drug quantity used in the PSR.  (Dkt. # 189-2 at 1.)  The superseding indictment charged Hernandez with conspiracy with intent to distribute 1,000 kilograms or more of marijuana (Dkt. # 113), which carries a mandatory minimum sentence of ten years and a statutory maximum sentence of life imprisonment.  Hernandez ultimately pleaded guilty to conspiracy to possess with intent to distribute 100 kilograms or more of marijuana.  (Dkt. # 160.)

       Trevino states that after consulting with Hernandez, he chose to withdraw the objection to the drug quantity because the Government had evidence proving that the amount of marijuana involved in the conspiracy was over 615 kilograms, and raising the objection could have increased Hernandez's exposure at

18

sentencing.  (Trevino Aff. ¶ 8.)  Given the undisputed fact Hernandez had been

charged with a drug conspiracy involving ten times the amount of marijuana to

which Hernandez pleaded guilty, the decision to withdraw the objection in order to

limit Hernandez's exposure appears entirely reasonable.  Furthermore, Hernandez

does not contest Trevino's assertion that the Government could have proved that

the drug conspiracy involved more than 615 kilograms of marijuana.  Therefore, he

has alleged no specific facts showing a reasonable probability that, but for

Trevino's failure to pursue the objection, Hernandez would have received a lesser

sentence.  Under such circumstances, choosing to waive the defense's objection to

the drug quantity in the PSR did not cause the performance of trial counsel to fall

below an objective level of reasonableness.  Hernandez's first complaint of

ineffective assistance by his trial counsel fails to satisfy either prong of the

Strickland analysis.

     B.     Managerial Role

     Next, Hernandez objects to his trial counsel's failure to object to an

adjustment under the advisory guidelines based on Hernandez's managerial role.

Again, the record shows that Trevino did file a written objection to Hernandez

being classified as a "manager" under the guidelines.  (Dkt. # 189-2 at 2–3.)

Trevino stated in his affidavit that he withdrew the objection after consulting with

Hernandez "after it became apparent that the government could demonstrate a list

of people over whom my client had supervisory control.  In my opinion, the objection could have highlighted facts negative to Mr. Hernandez and increase his exposure under the Guidelines."  (Trevino Aff. ¶ 8.)

Hernandez fails to allege any specific facts showing there was any evidence available at the time of his sentencing hearing which trial counsel could have used to show that Hernandez did not serve in a managerial role.  Hernandez also alleges no specific facts showing that, but for the failure of trial counsel to actively contest Hernandez's characterization as a "manager" sentencing purposes, the sentence Hernandez received would have been less harsh.  Under such circumstances, Hernandez's complaint about his trial counsel's failure to challenge Hernandez's designation as a "manager" fails to satisfy either prong of <u>Strickland</u> analysis.

C.    <u>Breach of Plea Agreement and Withdrawal of Guilty Plea</u>

Hernandez also challenges Trevino's failure to object to the alleged breach of Hernandez's plea agreement and failure to move to withdraw Hernandez's guilty plea.  However, as explained above, there was no breach of Hernandez's plea agreement.  Trevino stated in his affidavit that he did not make an objection to a breach of the plea agreement or move to withdraw the guilty plea because there was no basis for doing so.  (Trevino Aff. ¶ 11.)  Trial counsel cannot reasonably be faulted for failing to object to a breach that did not occur, or for

failing to move to withdraw a guilty plea because of a non-existent breach. <u>See</u> <u>Clark v. Thaler</u>, 673 F.3d 410, 429 (5th Cir. 2012) (holding that "failure to assert a meritless objection cannot be grounds for a finding of deficient performance"). Therefore, trial counsel's performance did not fall outside the broad range of acceptable professional representation permissible under the first prong of the <u>Strickland</u> analysis.

With respect to the second prong of the analysis, the defendant must demonstrate that but for the error of trial counsel the defendant would have received less actual jail time in order to demonstrate prejudice. <u>See</u> <u>United States v. Grammas</u>, 376 F.3d 433, 439 (5th Cir. 2004). Because the objections that Hernandez asserts his trial counsel should have made are meritless and would have been rejected by the Court, Hernandez would not have received a lesser sentence if trial counsel had made those objections. Thus, Hernandez has also failed to satisfy the second prong of the <u>Strickland</u> analysis. <u>See</u> <u>Paredes v. Quarterman</u>, 574 F.3d 281, 291 n.13 (5th Cir. 2009) (failure to raise a meritless argument cannot be the basis for an ineffective assistance claim because the result of the proceeding would not have been different had the attorney raised the issue).

D.    <u>Absence of Factual Basis for Conspiracy</u>

Finally, Hernandez challenges Trevino's failure to object to the absence of a factual basis to support the conspiracy charge. Trevino stated in his

21

affidavit that he did not make an objection to the absence of a factual basis for the conspiracy charge because such an objection "would have been wholly without merit." (Trevino Aff. ¶ 12.) Trevino further stated that the factual basis in the plea agreement recounted "numerous Title III phone calls in which Mr. Hernandez is communicating with co-conspirators who are acting in the course of the conspiracy." (Id.) Trevino also stated that he discussed these facts with Hernandez before Hernandez signed the plea agreement, and that Hernandez stated the facts were true and correct. (Id.) Hernandez has failed to state any factual or legal basis for his objection. Again, failing to assert a meritless objection cannot be grounds for a finding of deficient performance under Strickland. Clark, 673 F.3d at 429.

## V.   Evidentiary Hearing

"A motion brought under 28 U.S.C. 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992). Where a movant for relief under § 2255 has presented claims that are either contrary to law or plainly refuted by the record, an evidentiary hearing is not necessary. See id. at 41 (holding there was no abuse of discretion in denying a § 2255 motion without a hearing where the movant's assertions of ineffective assistance were conclusory in nature and refuted by the record itself).

22

Hernandez's assertions that his plea agreement was breached, that his guilty plea was involuntary, and that he received ineffective assistance of counsel are refuted by the record before this Court.  Where, as here, the movant has furnished only vague conclusions in support of his claims, no evidentiary hearing is necessary.  See United States v. Demik, 489 F.3d 644, 646–47 (5th Cir. 2007) (conclusory allegations of ineffective assistance were insufficient to warrant an evidentiary hearing); United States v. Edwards, 442 F.3d 258, 264 (5th Cir. 2006) (conclusions devoid of specific factual support do not require an evidentiary hearing).  The Court thus concludes that Hernandez is not entitled to an evidentiary hearing.

VI.   Motion for Sanctions

Lastly, Hernandez objects to the Court's denial of his Motion for Sanctions (Dkt. # 220).[3]  Hernandez moved for sanctions against the Government under Rule 37(b)(2)(ii) of the Federal Rules of Civil Procedure based on a clerical error which resulted in Hernandez not being served with a copy of the Government's Response to his Motion to Vacate.  (Id. at 2.)  On December 2, 2014, this Court denied Hernandez's Motion for Sanctions because Hernandez was given an opportunity to file a Reply to the Government's Response, thus eliminating any possibility of prejudice to Hernandez.  (Dkt. # 223 at 2.)

---

[3] The Court notes that this Motion was not part of Hernandez's original Motion to Vacate under § 2255, and that as such, the Magistrate Judge made no ruling on it.

Hernandez's Reply has been fully and carefully considered both by the Magistrate Judge in preparing her Report and Recommendation and by this Court in ruling on Hernandez's objections.  The Court therefore finds no reason to vacate its Order denying Hernandez's Motion for Sanctions.  See Coco v. United States, 569 F.2d 367, 372 (5th Cir. 1987) (finding that the district court did not abuse its discretion in denying movant's motion to strike the government's tardy response to his § 2255 motion where the movant showed no prejudice resulting from the delay).

<u>CONCLUSION</u>

For the reasons given, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. # 233) as the opinion of the Court, and Hernandez's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is **DENIED**.  (Dkt. # 215.)  Hernandez's Motion to Strike (Dkt. # 232) and any other requests for relief included in his submissions are **DENIED**. The District Clerk's Office is directed to remove from the public record the copy of Hernandez's sealed plea agreement that Hernandez attached as Exhibit 1 to his Motion (Dkt. # 215) and make it a sealed exhibit to the motion.  Finally, Hernandez's requests for an evidentiary hearing and a certificate of appealability are **DENIED**.

**IT IS SO ORDERED.**

**DATED:**  San Antonio, Texas, July 27, 2015.

_____
David Alan Ezra
Senior United States District Judge